1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          No.  2:12-cr-00306-JAM

12              Plaintiff,

13       v.                             **ORDER REGARDING RESTITUTION**

14   KIRIT PATEL,

15              Defendant.

16

17            I.   BACKGROUND AND PROCEDURAL HISTORY

18       Defendant Kirit Patel ("Defendant") entered a guilty plea to

19   four counts of wire and mail fraud.  In the plea agreement,

20   Defendant acknowledged that restitution was appropriate pursuant

21   to 18 U.S.C. § 3663 et seq.  Plea Agreement (Doc. #64) at 2.  The

22   parties also agreed that "[a]ny restitution paid by this

23   defendant pursuant to the civil lawsuit Federal Trade Commission

24   v. Broadway Global Master, et al, 2:12-cv-00855-JAM-DAD, will be

25   credited against restitution owed by this defendant under the

26   agreement."  Id. at 3.  Because restitution in the civil case

27   likely will not reimburse all victims, Defendant may be required

28   to pay restitution beyond the amount recovered by the Federal

                                  1

1    Trade Commission.  This Court therefore held a hearing to

2    determine restitution in this criminal matter on October 27,

3    2015.  After hearing arguments from the parties, the Court took

4    the matter under submission.

5

6                        II.   OPINION

7        A.   Legal Standard

8        The Mandatory Victims Restitution Act provides that "when

9    sentencing a defendant convicted of an offense [including any

10   offense committed by fraud or deceit], the court shall order

11   . . . that the defendant make restitution to the victim[s] of the

12   offense[.]"  18 U.S.C. § 3663A(a)(1).  A "victim" includes "any

13   person directly harmed by the defendant's criminal conduct in the

14   course of the scheme, conspiracy, or pattern."  18 U.S.C.

15   § 3663A(a)(2).  The government bears the burden of proof to

16   establish the facts and the amount of restitution owed by a

17   preponderance of the evidence.  United States v. Waknine, 543

18   F.3d 546, 557 (9th Cir. 2008).  In reaching a restitution amount,

19   the Court may only rely on "evidence that possesses sufficient

20   indicia of reliability to support its probable accuracy."  Id.

21   (citations and quotation marks omitted).

22       B.   Analysis

23       The government here has produced victim statements from 104

24   victims (Docs. ##70-5 – 70-9).  It also offered spreadsheets

25   provided by Wal-Mart's Green Dot card providers (GE Bank and

26   Synovus Bank) as to many of those 104 victims (Docs. ##83-4, 83-

27   5).  At the restitution hearing, Defendant disputed the

28   sufficiency of the evidence as to specific victims.  The Court

                                 2

has examined the evidence in detail and concludes that the

government has proven that restitution is warranted for certain

victims as described below.

1.   Victims Not Entitled to Restitution

| Victim Initials/Location | Reason for Awarding No Restitution |
|---|---|
| V.B (Rochester, NY) | No documentation offered by government |
| L.D (Laurel, MS) | Loss occurred before the fraud was foreseeable to Defendant |
| W.E. (Bartonville, IL) | Loss occurred before the fraud was foreseeable to Defendant |
| R.H. (Sicklerville, NJ) | No documentation offered by government |
| J.J (Schenectady, NY) | Victim requested no restitution |
| L.R. (Jamaica, NY) | No documentation offered by government |
| J.S. (Madison, WI) | Victim requested no restitution |
| L.S. (Waterloo, IA) | Requested categories not related to the scheme |
| C.W (Knoxville, MD) | Loss occurred before the fraud was foreseeable to Defendant |
| K.W. (Bremen, GA) | Loss occurred before the fraud was foreseeable to Defendant |
| W.W. (Prospect Park, NJ) | Loss occurred before the fraud was foreseeable to Defendant |

The Court denies restitution to these victims.  However, the

Court will allow the government to submit supplemental

documentation for those (and only those) who have been denied

because of "no documentation": V.B. (Rochester, NY), R.H.

(Sicklerville, NJ), and L.R. (Jamaica, NY).

2.   Victims for Whom Restitution Was Adequately Proven

| Victim Initials/Location | Amount of Restitution Proven by a Preponderance of the Evidence |
|---|---|
| D.A. (Branchland, WV) | $785 |
| J.B. (Buffalo, NY) | $200 |
| K.B. (East Orange, NJ) | $2,274 |
| R.B. (Columbus, OH) | $355 |
| A.B. (Greenwood, SC) | $200 |
| J.B. (Canonsburg, PA) | $110 |
| J.B. (Wapakoneta, OH) | 3,095.95 |

| | |
|---|---|
| B.B. (Trenton, NJ) | $1,015.67 |
| T.B. (Dallas, GA) | $277 |
| N.B. (New York, NY) | $210 |
| L.C. (Jackson, TN) | $300 |
| M.C. (Lubbock, TX) | $150 |
| A.C. (Grants, NM) | $380 |
| K.C. (Conroe, TX) | $260 |
| L.D. (Cranford, NJ) | $955.58 |
| K.D. (Bristol, MA) | $914 |
| C.D. (Oak Creek, WI) | $405 |
| F.D. (W. Bridgewater, MA) | $300 |
| M.D. (Mt. Olive, MS) | $246 |
| L.E. (San Antonio, TX) | $715 |
| J.E. (New Baden, IL) | $565 |
| T.F. (Honolulu, HI) | $245 |
| T.F. (Olney, MD) | $2,620 |
| M.F. (Austin, TX) | $1,005 |
| T.F. (Chester, PA) | $1,172 |
| T.F. (Charlotte, NC) | $156 |
| S.F. (Dallas, TX) | $225 |
| D.G. (Fort White, FL) | $321 |
| P.G. (Schulenberg, TX) | $100 |
| C.G. (Mawnelle, AR) | $100 |
| M.G. (Berkeley, CA) | $419 |
| M.G. (Plainfield, IN) | $251 |
| T.H. (Elizabethtown, TN) | $435 |
| J.H. (Brandywine, MD) | $1,224 |
| T.H. (Bridgeport, CT) | $510 |
| M.H. (Reynoldsville, PA) | $450 |
| F.H. (Ft. Irwin, CA) | $745 |
| M.H. (Lubbock, TX) | $800 |
| H.H. (Sacramento, CA) | $3,486 |
| K.H. (Adalusia, AL) | $796 |
| T.H. (Saugerties, NY) | $1,682 |
| E.I. (Austin, TX) | $330 |
| D.J. (Soddy-Daisy, TN) | $325 |
| S.J. (Pontiac, MI) | $244 |
| J.J. (Laurel, MS) | $111 |
| K.J. (Morrow, GA) | $380 |
| B.K. (Jasper, TN) | $145 |
| E.K. (Mechanicsville, MD) | $793 |
| B.K. (Franklin, LA) | $922 |
| B.K. (Gwynn Oak, MD) | $200 |
| A.K. (Lykens, PA) | $960 |
| D.L. (McKinney, TX) | $211 |
| H.L. (Rogers, AR) | $589.87 |

4

| | |
|---|---|
| M.L. (Louisville, KY) | $420 |
| H.L. (Baltimore, MD) | $740 |
| L.L. (Bladenboro, NC) | $3,485 |
| S.L. (Mt. Vernon, AL) | $600 |
| M.L. (Warwick, RI) | $100 |
| M.L. (Thomasville, NC) | $120 |
| D.M. (Dumas, TX) | $3,191.17 |
| M.M. (Northville, MI) | $200 |
| D.M. (Forest Park, IL) | $1,610 |
| G.M. (Allentown, PA) | $2,272 |
| C.M. (Lemoore, CA) | $220 |
| B.M. (Lake Charles, LA) | $237 |
| T.M. (Virginia Beach, VA) | $382.70 |
| L.N. (Jennings, LA) | $1,104 |
| R.O. (Alamo, TX) | $2,157.33 |
| K.O. (Quincy, IL) | $257 |
| R.P. (Newark, NJ) | $800 |
| L.P. (Henderson, NC) | $816 |
| M.P. (Oak Grove, KY) | $737.20 |
| V.P. (Hayward, CA) | $531 |
| F.P. (Colorado Springs, CO) | $38,848 |
| M.P. (District Heights, MD) | $200 |
| C.P. (McKean, PA) | $841 |
| L.R. (Aurora, CO) | $397 |
| O.R. (Bellwood, IL) | $850 |
| L.S. (Bedford, NH) | $175 |
| M.S. (Waipahu, HI) | $756 |
| S.S. (Bridgerville, DE) | $290 |
| D.T. (Pound, WI) | $1,716 |
| T.T. (Birmingham, AL) | $100 |
| S.T. (Burbank, IL) | $200 |
| L.T. (Warner Robbins, GA) | $505 |
| C.T. (Lisbon, OH) | $1,674 |
| L.W. (Williamston, NC) | $562.98 |
| M.W. (Marcy, NY) | $140 |
| D.W. (Canton, OH) | $190 |
| W.W. (Sanford, FL) | $102 |
| G.W. (Accokeek, MD) | $1,905 |
| E.W. (Northport, AL) | $1,000 |
| M.Z. (New York, NY) | $345 |
| | **TOTAL:** $106,443 |

## III.   ORDER

The government is directed to file a proposed restitution

order within five (5) days of the date of this order consistent

5

1  with the findings described above.

2      IT IS SO ORDERED.

3  Dated: October 28, 2015

5  JOHN A. MENDEZ,
   UNITED STATES DISTRICT JUDGE